J-S59012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
               Appellee      :
                                       :
        v.               :
                                       :
NORMAN HIRSCHFELD,        :
                                       :
             Appellant     :      No. 2814 EDA 2013

Appeal from the PCRA Order Entered September 18, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0909831-1980.

BEFORE: SHOGAN, J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:           **FILED DECEMBER 09, 2014**

Appellant, Norman Hirschfeld, appeals from the denial of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

The Commonwealth summarized the facts of the crime at Appellant's guilty plea hearing as follows:

> If Detective Allen, Badge No. 737 of the Homicide Division, were called to testify, he would testify that on August 11, 1980, at approximately 11:15 p.m., he came in contact with [Appellant], Norman Hirschfeld . . . .
>
> * * *
>
> [Appellant] did know the [co]defendant in this case, Arthur Stewart, . . . as Spoon[.] . . . [H]e and Spoon came together sometime before the incident and Spoon told [Appellant] that he

_____
*Retired Senior Judge assigned to the Superior Court.

knew a place where they could get some money, that both of them on the date of this incident did approach the store of the deceased in this case, Mr. Juan Rivera, that before going into the store the codefendant . . . passed to [Appellant] a .38 caliber revolver. Mr. Stewart at that time had a pistol, of a .22 long caliber, and they went into the store and Mr. Stewart told [Appellant] to watch the door. . . . Stewart jumped behind the counter, [Appellant] was between the doorway and Mr. Stewart when he did that. Mr. Stewart then rushed [the victim] who was behind the counter. [The victim] apparently had a pistol on him at that time or was able to gain access to one very quickly and shots occurred between Mr. Stewart and [the victim] behind the counter area. At that time [Appellant] drew the gun that Stewart had given him and he turned around and pulled the trigger three times but nothing happened at that time. He pulled it a fourth time and the gun did go off. [Appellant] pulled his gun only after [the victim] started to turn and had a gun in his hand at that time toward [Appellant], that was when [Appellant] pulled his gun and started firing. [The victim] fell down and Stewart at that time then grabbed money and both men left the store. Stewart handed to [Appellant] the .38 caliber revolver that [the victim] had, the store owner's gun, and [Appellant] then gave to Mr. Stewart the gun that Stewart originally had given to [Appellant]. They exchanged guns with [Appellant] ending up with the store owner's gun and Mr. Stewart getting back the gun he had given to [Appellant].

Detective Allen would testify [Appellant] believes that approximately $100 or $200 was taken from the store at the time of this incident, that Mr. Stewart gave $40 to [Appellant] and that Stewart said they would later get together and split up the other money.

N.T., 1/14/81, at 67–70.

On January 14, 1981, Appellant pled guilty to murder generally, with an agreement that the grading would not rise higher than second degree, robbery, criminal conspiracy, and possession of an instrument of crime ("PIC"). The trial court sentenced Appellant on January 14, 1981, to life

imprisonment for second-degree murder, with concurrent sentences of five to ten years of incarceration for robbery and conspiracy and a concurrent term of incarceration of two and one-half to five years for PIC.

Subsequent to sentencing, Appellant filed a motion to withdraw his guilty plea, which the trial court denied on April 1, 1981. Appellant did not file a direct appeal.

Appellant filed a *pro se* petition pursuant to the Post Conviction Hearing Act ("PCHA")[1] on May 23, 1988. Counsel was appointed, who filed an amended petition, and the Commonwealth filed a motion to dismiss. Thereafter, PCRA counsel filed a **Turner/Finley**[2] brief. On March 13, 1990, the PCHA court dismissed Appellant's PCHA petition and granted counsel's request to withdraw. Appellant did not appeal.

The Commonwealth asserts that Appellant filed a petition in Commonwealth Court on February 2, 2011, challenging the legality of his confinement. **Hirschfeld v. Pennsylvania Courts**, 60 M.D. 2011.[3] The Commonwealth Court dismissed the petition on February 14, 2011.

---

[1] "The Post Conviction Hearing Act was the precursor to the current Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546." **Commonwealth v. Leidig**, 956 A.2d 399, 403 n.4 (Pa. 2008).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] Due to its absence from the record certified to this Court on appeal, we are unable to confirm this filing.

On March 14, 2011, Appellant filed a *pro se* petition labeled, "Writ of Habeas Corpus." The common pleas court considered the writ as a PCRA petition and issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on August 7, 2013, indicating that Appellant failed to plead any exception to the untimeliness of the petition. Appellant filed a response on August 26, 2013. The PCRA court dismissed the petition as untimely on September 18, 2013, and this appeal followed. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I. The lower court violated the [Appellant's] constitutional rights of due process and equal protection of the law when it dismissed the [Appellant's] state habeas corpus petition in violation of the suspension clause.

    A. [Appellant's] claims are not cognizable under the PA. PCRA statute

    B. There is [sic] no time limitations to the common law Writ of Habeas Corpus

II. Pennsylvania Courts and the Dept. of Corrections are unconstitutionally and unlawfully restraining and detaining [Appellant] for his natural life in violation of the Pa. Supreme Court's decisions regarding sentence for murder in the first degree.

    Question 1: Is Act No. 334, December 6, 1972, P.L. 1482, Chapter 11, Sec. 1102, i.e. 18 Pa.C.S. § 1102 (Sentence for First Degree Murder), unconstitutional[?]

    Question 2: Is Act No, 46, March 26, 1974; P.L. 213, Chapter. 11, Sec. 1102, i.e. 18 Pa.C.S. § 1102, and Chapter 13, Sec. 1311, i.e. 18 Pa.C.S. § 1311, unconstitutional[?]

Question 3: Is Act No. 345, December 30, 1974,. P.L. 1052, Chapter 13, Sec. 1311, i.e. 18 Pa.C.S. § 1311 unconstitutional[?]

Appellant's Brief at 4 (some full capitalization omitted).

Initially, we note our agreement with the PCRA court that Appellant's petition for writ of *habeas corpus* is properly considered a PCRA petition. The plain language of the PCRA statute, 42 Pa.C.S. § 9542, demonstrates that the General Assembly intended that claims that could be brought under the PCRA must be brought under that act. **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." **Id.** As we stated in **Commonwealth v. Stout**, 978 A.2d 984, 986 (Pa. Super. 2009), "[B]oth the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim" (citing **Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998)); **see also Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa. Super. 2001) (collateral petition that raises an issue the PCRA statute could remedy is to be considered a PCRA petition). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013).

The underlying assertion in Appellant's petition is that there was no authority to support his sentence of life imprisonment because the General Assembly allegedly lacked intent to mean that "life imprisonment" should endure for the remainder of an inmate's "natural life." Such a claim clearly addresses the legality of Appellant's sentence, which is cognizable under the PCRA. "It is beyond cavil that illegal sentencing claims pertaining to a sentence that exceeds a lawful maximum are cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(vii)." **Commonwealth v. Concordia**, 97 A.3d 366, 372 (Pa. Super. 2014). Thus, the trial court properly considered Appellant's writ of *habeas corpus* as a PCRA petition.

When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Anderson**, 995 A.2d 1184 (Pa. Super. 2010). We grant great deference to the PCRA court's findings that are supported in the record, and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rachak**, 62 A.3d 389 (Pa. Super. 2012).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not

ignore it in order to reach the merits of the petition. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the

---

[4] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

In this case, as noted previously, Appellant did not seek review to this Court following the imposition of sentence on January 14, 1981. Accordingly, Appellant's judgment of sentence became final on February 13, 1981, when the time for filing a notice of appeal expired. 42 Pa.C.S. § 9545(b)(3); **Concordia**, 97 A.3d at 370–371 (concluding the appellee's sentence became final for purposes of the PCRA thirty days after the entry of his sentence since he did not file a direct appeal). As noted, a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final, 42 Pa.C.S. § 9545(b)(1), which was February 16, 1982.[5] As the instant petition was filed on March 14, 2011,[6] more than thirty years after the judgment of sentence became final, it is patently untimely.

Appellant has failed to assert any exceptions to the PCRA time bar; indeed, he makes no argument concerning the timeliness of the petition

---

[5] Thirty days expired on February 13, 1982, which was a Saturday. That Saturday, Sunday, and Monday, which was President's Day, are excluded from computation of the appeal period. 1 Pa.C.S. § 1908.

[6] There is no explanation in the record for the more than two-year delay between the filing of Appellant's petition and the PCRA court's entry of Pa.R.Crim.P. 907 notice.

other than to reiterate that the claim should not be considered under the PCRA. Thus, we concur with the PCRA court that this petition is untimely. Because the court below was without jurisdiction to reach the merits of the petition, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014