J. S64004/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDRE M. ADAMS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| STACY PARKS MILLER, CENTRE | : | No. 767 MDA 2015 |
| COUNTY DISTRICT ATTORNEY AND | : | |
| ROBERT GILMORE | : | |

Appeal from the Order Entered April 10, 2015,
in the Court of Common Pleas of Centre County
Civil Division at No. 14-4779

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED NOVEMBER 06, 2015**

Andre M. Adams appeals from the order of April 10, 2015, denying his petition for writ of **habeas corpus**.  We affirm.

On January 10, 2013, following a jury trial, appellant was found guilty of 38 charges at two separate dockets.  At No. CP-14-CR-1228-2012, appellant was convicted of 16 counts of possession of a controlled substance with intent to deliver ("PWID"), one count of criminal conspiracy, and one count of criminal use of a communication facility ("CUCF").  At No. CP-14-CR-355-2012, appellant was convicted of 14 counts of PWID, and 6 counts of CUCF.  **Commonwealth v. Adams**, No. 808 MDA 2014, unpublished memorandum at 2 (Pa.Super. filed June 17, 2015).  On February 12, 2013, appellant received an aggregate sentence of 79 to

_____

* Former Justice specially assigned to the Superior Court.

158 years' imprisonment on the two dockets. *Id.* On direct appeal to this court, on June 17, 2015, we vacated appellant's judgment of sentence and remanded for re-sentencing, finding that appellant's sentence was unconstitutional, and illegal, pursuant to *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013) (holding that facts that increase mandatory minimum sentences must be submitted to the jury and must be found beyond a reasonable doubt). *Id.* at 8, citing *Commonwealth v. Cardwell*, 105 A.3d 748, 751 (Pa.Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015) (applying *Alleyne* and recognizing that the mandatory minimum sentences associated with the weight of narcotics possessed by a drug dealer pursuant to 18 Pa.C.S.A. § 7508 are unconstitutional).[1]

Meanwhile, during the pendency of his direct appeal, appellant filed the instant *habeas* petition, alleging that the criminal statutes he was found guilty of violating are unconstitutional due to the lack of an enacting clause. The trial court described the procedural posture of this matter as follows:

> While the appeal to the Superior Court was pending, [appellant] filed the present motion before the Court, which is captioned Petition for Writ of Habeas Corpus Sub Jiciendum, which was filed on December 24, 2014. Based upon the Court's review of the documentation filed by [appellant] as well as his argument in court this morning, it is [appellant]'s sole position that because there is no Enacting Clause in the Pennsylvania Crimes Code, the

---

[1] According to the Commonwealth, Office of Attorney General, appellant was re-sentenced on August 25, 2015, to 45 to 90 years' imprisonment. (Commonwealth's brief at 4.) An appeal from the August 25, 2015 judgment of sentence is currently pending at No. 1695 MDA 2015.

> sentencing judge had no jurisdiction to try the charges set forth in the two informations filed by the District Attorney of Centre County and/or the Attorney General of Pennsylvania. This Court does not believe that [appellant]'s position has any merit and does not believe it appropriate for a county trial judge to declare the entire Crimes Code unconstitutional.

Order, 4/17/15 at 1 (Docket #29). The trial court denied appellant's petition in open court on April 10, 2015, following a hearing, and also by order filed April 17, 2015. (**Id.**) The trial court also noted that, "if the Petition for Writ of Habeas Corpus were to be considered a petition under the Post-Conviction Relief Act [("PCRA")[2]], the petition would have been dismissed as premature in light of the fact that there is a present appeal before the Superior Court." (**Id.** at 2.) Appellant filed a timely **pro se** notice of appeal on April 23, 2015. Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. On May 18, 2015, the trial court issued a Rule 1925 statement, relying on its previous order filed April 17, 2015, and directing the clerk to transmit the existing record to this court. (Docket #38.)

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, 613 Pa. 97, 32 A.3d 697 (2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of **habeas corpus**. [**Commonwealth v. Fahy**, 737 A.2d 214, 223-224 (Pa. 1999)]; **Commonwealth v. Chester**, 557 Pa. 358, 733 A.2d 1242 (1999). Issues that are

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a **habeas corpus** petition. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); **see also Commonwealth v. Deaner**, 779 A.2d 578 (Pa.Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition).

**Commonwealth v. Taylor**, 65 A.3d 462, 465-466 (Pa.Super. 2013).

[T]he PCRA is the exclusive vehicle for obtaining post-conviction collateral relief. **Commonwealth v. Bronshtein**, 561 Pa. 611, 614 n. 3, 752 A.2d 868, 869-70 n. 3 (2000). This is true regardless of the manner in which the petition is titled. **Commonwealth v. Hutchins**, 760 A.2d 50, 52 n. 1 (Pa.Super. 2000). Indeed, the PCRA statute specifically provides for such treatment:

> The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S.A. § 9542. Simply because the merits of the PCRA petition cannot be considered due to previous litigation, waiver, or an untimely filing, there is no alternative basis for relief outside the framework of the PCRA. **See generally**, **Commonwealth v. Fahy**, 558 Pa. 313, 332, 737 A.2d 214, 223-224 (1999) (citing **Commonwealth v. Chester**, 557 Pa. 358, 733 A.2d 1242 (1999)).

**Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa.Super. 2001).

In **Commonwealth v. Fowler**, 930 A.2d 586 (Pa.Super. 2007), the learned Judge, now Justice, McCaffery, collected cases and reiterated that all motions filed after a judgment of sentence is final

> are to be construed as PCRA petitions. ***Id.*** at 591 (citing ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa.Super. 2002)); ***Commonwealth v. Evans***, 866 A.2d 442 (Pa.Super. 2005); ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa.Super. 2004); ***Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa.Super. 2000). More recently, in ***Commonwealth v. Jackson***, 30 A.3d 516 (Pa.Super. 2011), this Court held that a defendant's motion to correct his illegal sentence was properly addressed as a PCRA petition, stating broadly, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Id.*** at 521 (quoting ***Johnson***, ***supra***).

***Taylor***, 65 A.3d at 466. ***See also Commonwealth v. Stout***, 978 A.2d 984, 987 (Pa.Super. 2009) (PCRA, not petition for ***habeas corpus***, provided prisoner with remedy for allegations that court lacked jurisdiction and authority to prosecute him).

Appellant's allegations, including the enacting clause argument, are cognizable under the PCRA. Because appellant's appeal at No. 808 MDA 2014 was still pending, however, his judgment had never become final for purposes of a PCRA petition. 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review"). Appellant cannot file a PCRA petition before his judgment becomes final, so the court lacked authority to decide appellant's PCRA petition. 42 Pa.C.S.A. § 9545(b) (any PCRA petition "shall be filed within one year of the date the judgment becomes final" with certain exceptions permitting a later filing). In fact, appellant's judgment of sentence is still not final, as he has taken another direct appeal from

re-sentencing.  As stated above, the trial court recognized that if appellant's

***habeas*** petition is considered a PCRA petition, it is premature.  While the

trial court ultimately dismissed appellant's petition on the merits, "we may

affirm a PCRA court's decision on any grounds if the record supports it."

***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super. 2014) (quotation

marks and citation omitted).[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015

---

[3] We note that a PCRA petitioner has a rule-based right to counsel for a first
PCRA.  ***See Stout***, 978 A.2d at 988 ("our finding above that appellant's
***habeas corpus*** petition is the functional equivalent of a petition under the
PCRA raises issues regarding the right to legal representation.  Generally
speaking, an indigent petitioner is entitled to the appointment of counsel on
his first post-conviction attack of his conviction.") (citations omitted).  This is
true even where the petition is facially untimely.  ***Id.***  Here, however,
appellant's petition is premature, filed during the pendency of his direct
appeal and before judgment of sentence was final.