**COMMONWEALTH of Pennsylvania**

**v.**

**Herbert Brian STOUT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 2, 2009.

Filed July 6, 2009.

---

Herbert Stout, appellant, Pro Se

Brenda R. Hess, Assistant District Attorney, Bloomsburg, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., MUSMANNO and COLVILLE,* JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 This is an appeal from an order denying a writ of *habeas corpus* filed by appellant, Herbert Brian Stout. We vacate and remand.

¶ 2 On January 8, 2007, appellant entered a plea of guilty to a charge of receiving stolen property.[1] Appellant was subsequently sentenced on April 5, 2007, to a period of incarceration of 21 to 72 months. No appeal was filed.

¶ 3 On July 21, 2008, with the statutory period for the filing of a petition for collateral relief under the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–

---

* Retired Senior Judge assigned to the Superior Court.

1. At the guilty plea colloquy, the factual predicate for the charge was related in the following fashion:

   The ADA: In this case it is alleged that on or about November 4, 2005, in the borough of Catawissa, the Defendant intentionally received or took possession of a green 1997 Ford vehicle belonging to another party, knowing that the vehicle had been stolen or believing it had probably been stolen.
       Do you agree with that?
   Appellant: Oh yeah.
   Notes of testimony, guilty plea, 1/8/07 at 2–3.

9546, having elapsed,[2] appellant filed a *"Writ of Habeas Corpus Ad Subjiciendum"* [3] asserting, in addition to various allegations of jurisdictional defect, that he was prosecuted under a state constitution that was adopted without lawful authority. (Docket # 13.) On July 29, 2008, the Commonwealth filed a motion to dismiss appellant's writ of *habeas corpus*. The Commonwealth's motion was promptly acted upon, as the court granted the Commonwealth's motion and dismissed appellant's writ on August 1, 2008. The present, timely appeal followed.

■■ ¶ 4 Appellant acknowledges the legal premise that, for the most part, the PCRA has subsumed the writ of ***habeas corpus*** as a means for obtaining post-conviction collateral relief from a judgment of sentence. The premise applies to the extent the claim at issue is capable of being redressed under the PCRA. On this issue, our supreme court has stated:

> we note that both the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim. *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 at 640. *See also* 42 Pa.C.S. § 9542 ('The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*

and *coram nobis.'*); 42 Pa.C.S. § 6503(b) ('[T]he writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.').

*Commonwealth v. Hackett*, 598 Pa. 350, 362–363, 956 A.2d 978, 985–986 (2008). Moreover, in *Hackett*, the supreme court further commented that, consistent with the above premise:

> the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review. *Commonwealth v. Judge*, 591 Pa. 126, 916 A.2d 511, 520 (Pa.2007). Such narrow construction would be inconsistent with the legislative intent to channel post-conviction claims into the PCRA's framework, *id.*, and would instead create a bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not. *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564, 569–70 (Pa.1999).
>
> Instead, this Court has broadly interpreted the PCRA eligibility requirements as including within its ambit claims such as this one, regardless of the 'truth-determining process' language that Appellee invokes from Section 9543(a)(2)(i).

*Id.* 363, 956 A.2d at 986. Despite acknowledging the fact that the PCRA has largely subsumed the writ of *habeas corpus*, appellant contends that his claims fall outside

---

**2.** 42 Pa.C.S.A. § 9545(b) contains the limitations period for filing a petition under the PCRA and provides, in relevant part:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . .

Where no appeal is filed, a judgment of sentence becomes final, for purposes of the

PCRA, upon the expiration of 30 days, the statutory period for the filing of a notice of appeal to this court. Thus, appellant's judgment of sentence became "final" on May 5, 2008.

**3.** We observe that appellant's filed document would properly be titled "petition for the issuance of a writ of habeas corpus."

of the PCRA and are thus properly the subject of such a writ. We disagree.

¶ 5 In several differing manners, appellant alleges—in largely incredible fashion—that the courts of the Commonwealth lacked jurisdiction to prosecute him due to defects in the drafting/adoption of the constitution, and/or enactment of the Crimes Code, or that he was prosecuted under a section of the Crimes Code that was repealed without a saving schedule. Appellant also claims that he was prosecuted "under court rules, criminal procedure and evidence[,] promulgated/drafted/adopted/legislated upon by the state's Judicial Branch, in violation of Article IV, Sec. 4, ..." (Appellant's brief at 7.) The PCRA's eligibility for relief section states, in relevant part:

§ 9543. **Eligibility for relief**

(a) **General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

. . . .

(2) That the conviction or sentence resulted from one or more of the following:

. . . .

(viii) **A proceeding in a tribunal without jurisdiction.**

42 Pa.C.S.A. § 9543 (emphasis added).

¶ 6 The quoted passage demonstrates clearly that a convicted individual serving a sentence of confinement may allege and seek redress for a claim that the tribunal in which his conviction was obtained lacked jurisdiction. While there appears to be a dearth of cases wherein challenges to the court's jurisdiction have been raised, in *Commonwealth v. Hughes*, 581 Pa. 274, 865 A.2d 761 (2004), the supreme court considered an allegation that appellant's murder conviction was held in a tribunal without jurisdiction as the petitioner was a minor and the case should have been transferred to juvenile court. On this matter, the court stated: "[the issue] whether charges should be prosecuted in the juvenile court or adult court system implicates jurisdictional concerns.... Therefore, Appellant's claim is facially cognizable under the PCRA." *Id.* at 301, 865 A.2d at 776.

¶ 7 Given the holding in *Hughes*, and the instruction that the parameters of the PCRA must be broadly interpreted, it seems difficult to construe appellant's claims as having no remedy under the PCRA. That is, appellant's allegations of constitutional defects in adoption of the present version of the Pennsylvania Constitution and/or the Crimes Code, equate to a contention that the Court of Common Pleas lacked authority to prosecute him for the charge in question. As an attack upon the court's authority, *i.e.*, the court's jurisdiction, it could have been addressed by the PCRA court. To the extent appellant could have sought the same relief under the PCRA, he was obligated to do so, and to do so in a timely manner.

¶ 8 As for the allegation that rules of court were applied to his proceedings that were unconstitutionally promulgated by the judiciary, we note that this is the only "issue" raised in appellant's brief of which there is an argument of any significant degree provided in support of the matter. Nevertheless, we must state that the argument escapes this court. We would simply indicate that, with respect to

this issue, we have stated, "the Pennsylvania Constitution itself provides for the promulgation of rules governing the practice, procedure, and conduct of courts so long as these rules do not abridge, enlarge, or modify the substantive rights of litigants." *Commonwealth v. McFarlin*, 402 Pa.Super. 502, 587 A.2d 732, 735 n. 3 (1991). Thus, appellant's argument appears to be patently without merit.

¶ 9 Lastly, we observe that appellant's application for a writ of *habeas corpus* appears to us to be nothing more than a tactical choice to evade the timeliness requirements of the PCRA. Such tactical maneuvering is not permitted.[4]

¶ 10 Despite the findings above, we note that appellant is making his first collateral attack upon his convictions and judgment of sentence. Indeed, appellant did not even pursue a direct appeal from his judgment of sentence. Thus, the current endeavor is appellant's first challenge to his incarceration of any kind since he was convicted. Under the present circumstances, our finding above that appellant's *habeas corpus* petition is the functional equivalent of a petition under the PCRA raises issues regarding the right to legal representation. Generally speaking, an indigent petitioner is entitled to the appointment of counsel on his first post-conviction attack of his conviction. *Commonwealth v. Smith*, 572 Pa. 572, 818 A.2d 494 (2003). This right to counsel, although not constitutionally mandated, derives from the Pennsylvania Rules of Criminal Procedure, *see* Pa.R.Crim.P. 904(B); *in accord, Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 699 (Pa.1998), and is unaffected by the fact that a petition is untimely upon

its face. *Smith*. Consequently, we believe it is necessary to vacate the order denying appellant's writ of *habeas corpus* and remand for the appointment of counsel pursuant to proper post-conviction relief proceedings.

¶ 11 Order vacated, remanded for appointment of counsel. Jurisdiction relinquished.

---

4. *Commonwealth v. Dickerson,* 900 A.2d 407, 412 (Pa.Super.2006) ("[T]he writ of *habeas corpus* has been subsumed into the PCRA for claims that are cognizable under the Act and is not available merely because an otherwise cognizable claim is jurisdictionally time-barred.... Here, Appellant's claims would be cognizable if properly raised in a timely petition. Thus, he is not entitled to *habeas corpus* relief.").