J-S18035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC J. WAGNER | |
| Appellant | No. 2079 EDA 2014 |

Appeal from the Order June 18, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0005349-2010
CP-39-CR-0005350-2010
CP-39-CR-0005351-2010
CP-39-CR-0005352-2010
CP-39-CR-0005354-2010
CP-39-CR-0005356-2010
CP-39-CR-0005357-2010
CP-39-CR-0005359-2010

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

JUDGMENT ORDER BY MUNDY, J.:                    **FILED APRIL 02, 2015**

Appellant, Eric J. Wagner, appeals *pro se* from the June 18, 2014 order dismissing his "Petition for Pre-Confinement Credit."  After careful review, we vacate and remand with instructions.

On May 12, 2012, the trial court imposed an aggregate sentence of four to eight years' imprisonment, plus seven years' probation, following a negotiated guilty plea to three counts of possession with intent to deliver.[1] On May 18, 2012, Appellant filed a timely post-sentence motion, which the

---

[1] 35 P.S. § 780-113(a)(30).

trial court granted on June 22, 2012, awarding Appellant certain credit for time served. Appellant did not file a direct appeal with this Court.

On June 16, 2014, Appellant filed the instant *pro se* "Petition for Pre-Confinement Credit," asking the trial court to award him additional time credit for time spent while under house arrest. Appellant's Petition for Pre-Confinement Credit, 6/16/14, at 3. This Court has held that a motion requesting credit for time served is to be treated as a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. **See Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) (stating, "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence … [and i]ssues concerning the legality of sentence are cognizable under the PCRA[]") (citations omitted). A PCRA petitioner is entitled to the appointment of counsel in his or her first petition, even if it may appear untimely on its face. **Commonwealth v. Stout**, 978 A.2d 984, 988 (Pa. Super. 2009); Pa.R.Crim.P. 904(C). Additionally, we have held "where [a] … first-time PCRA petitioner was denied his right to counsel … this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Here, the record reveals that Appellant's *pro se* petition was the first filing Appellant submitted after the trial court granted his post-sentence

- 2 -

motion on June 22, 2012. Furthermore, the record reveals that the trial court did not treat this as a PCRA petition, nor did it appoint counsel. Therefore, on remand, the trial court shall treat said filing as a first PCRA petition and appoint counsel under Rule 904(C).

Based on the foregoing, we conclude the trial court erred when it did not treat Appellant's *pro se* "Petition for Pre-Confinement Credit" as his first PCRA petition and appoint counsel. Accordingly, the trial court's June 18, 2014 order is vacated, and the case is remanded with instructions, consistent with this judgment order.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/2/2015