J-S15031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MATHIS AVERY, SR., | |
| Appellant | No. 1175 EDA 2015 |

Appeal from the PCRA Order April 14, 2015
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0002446-2009

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 21, 2016**

Appellant, Mathis Avery, Sr., appeals *pro se* from the order denying his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand.

We take the following facts and procedural history from the PCRA court's October 1, 2015 opinion and our independent review of the certified record.  On November 2, 2011, a jury convicted Appellant of attempted murder, aggravated assault, and possessing an instrument of crime.  On December 20, 2011, the court sentenced Appellant to an aggregate term of not less than 235 months nor more than 470 months' incarceration, to be followed by five years' probation.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On August 20, 2012, the Superior Court affirmed Appellant's judgment of sentence. (**See Commonwealth v. Avery**, 60 A.3d 575 (Pa. Super. filed Aug. 20, 2012) (unpublished memorandum)). Appellant did not petition for allowance of appeal with the Pennsylvania Supreme Court.

On February 19, 2013, and September 18, 2013, Appellant filed *pro se* post-conviction petitions that he incorrectly titled as petitions for modification of sentence. The petitions challenged, *inter alia*, the legality of his sentence and counsel's effectiveness, and alleged newly discovered evidence. The court did not appoint counsel or decide these motions because they were not forwarded to the judge's chambers for disposition as mandated by Pennsylvania Rule of Criminal Procedure 903(A). (**See** PCRA Court Opinion, 10/01/15, at 3 n.3); **see also** Pa.R.Crim.P. 903(A) ("Upon receipt of a petition for post-conviction collateral relief, the clerk of courts promptly shall . . . transmit the petition . . . to the trial judge[.]").

On November 21, 2013, Appellant filed what was in fact his third PCRA petition *pro se*. Thereafter, the court appointed PCRA counsel, who filed a **Turner**/**Finley**[1] "no-merit" letter and requested leave to withdraw. On February 18, 2015, the court granted counsel's petition to withdraw and served Appellant with notice of its intent to dismiss the PCRA petition. **See**

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Pa.R.Crim.P. 907(1). In response, Appellant filed a motion for reconsideration of his sentence on March 11, 2015. On April 14, 2015, the court denied Appellant's PCRA petition. Appellant timely appealed the denial *pro se*.[2]

However, we do not reach the issue of whether the court properly denied what was Appellant's third PCRA petition, because we agree with the PCRA court that Appellant's motions for reconsideration of sentence, which were filed after his judgment of sentence became final, and raised issues cognizable under the PCRA, should have been treated as PCRA petitions. (*See* PCRA Ct. Op., at 3 n.3); *see also Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (treating appellant's motion as PCRA petition "regardless of the manner in which the petition is titled") (citation omitted).

It is well-settled that, "[g]enerally speaking, an indigent petitioner is entitled to the appointment of counsel on his first post-conviction attack of his conviction. This right to counsel, although not constitutionally mandated, derives from the Pennsylvania Rules of Criminal Procedure, *see* Pa.R.Crim.P. 904(B)[.]" *Commonwealth v. Stout*, 978 A.2d 984, 988 (Pa. Super. 2009) (case citation omitted).

---

[2] The PCRA court did not order Appellant to file a statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). It filed an opinion on October 1, 2015. *See* Pa.R.A.P. 1925(a).

Here, because Appellant's timely post-conviction petitions were not forwarded to the trial judge for disposition in accordance with Pennsylvania Rule of Criminal Procedure 903(A), the court did not appoint counsel for Appellant's first PCRA petition, in violation of Criminal Rule 904(B). ***See id.*** Additionally, it never ruled on the request for relief. As a result, Appellant was denied the opportunity to raise an appellate challenge of the PCRA court's failure to appoint counsel. In other words, due to a breakdown of the court system, Appellant was denied both his right to counsel for his first PCRA petition, and the opportunity to challenge that issue on appeal.

Therefore, we are constrained to vacate the court's order denying what was in fact Appellant's third petition and remand for the appointment of counsel for Appellant's timely first PCRA petition "pursuant to proper post-conviction relief proceedings." ***Id.*** (vacating order denying appellant's improperly titled petition for writ of *habeas corpus* and remanding for appointment of PCRA counsel).

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016

- 4 -