J-S36015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TODD JAMES GILBERT | |
| Appellant | No. 1711 MDA 2015 |

Appeal from the PCRA Order September 11, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005996-2007

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY MUNDY, J.:                    **FILED JULY 06, 2016**

Appellant, Todd James Gilbert, appeals *pro se* from the September 11, 2015 order, dismissing, as untimely, his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we vacate and remand with instructions.

On August 20, 2009, Appellant pled guilty to one count each of rape of a child, sexual assault, and corruption of minors.[1] On November 19, 2009, the trial court imposed an aggregate sentence of 8 to 20 years' imprisonment. Appellant did not file a direct appeal with this Court.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c), 3124.1, 6301(a)(1), respectively.

On August 5, 2015, Appellant filed his first PCRA petition *pro se*. The PCRA court did not appoint counsel, but instead entered an order notifying Appellant of its intention to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed a timely response on August 26, 2015. The PCRA court entered an order dismissing Appellant's PCRA petition as untimely on September 11, 2015. On September 28, 2015, Appellant filed a timely notice of appeal.

Appellant's only issue in this appeal is that because this was his first PCRA petition, he was entitled to the appointment of counsel. Appellant's Brief at 9-13. The Commonwealth agrees that Appellant is entitled to a remand on this basis. Commonwealth's Brief at 6.

A PCRA petitioner is entitled to the appointment of counsel in his or her first petition, even if it may appear untimely on its face. ***Commonwealth v. Stout***, 978 A.2d 984, 988 (Pa. Super. 2009); Pa.R.Crim.P. 904(C). Additionally, we have held "where [a] … first-time PCRA petitioner was denied his right to counsel … this Court is required to … remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011). Here, the parties agree that this was Appellant's first PCRA petition and the PCRA court failed to appoint counsel as required by Rule 904(C) and our case law of this

Commonwealth. Therefore, on remand, the PCRA court shall appoint counsel to represent Appellant.[2]

Based on the foregoing, we conclude the PCRA court erred when it failed to appoint counsel for Appellant's first PCRA petition. Accordingly, the trial court's September 11, 2015 order is vacated, and the case is remanded with instructions, consistent with this judgment order.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

_____

[2] On October 28, 2015, this Court entered an order *sua sponte* remanding this case for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) "to determine whether Appellant desires counsel **on appeal**." Superior Court Order, 10/28/15, at 1 (emphasis added). The PCRA court entered an order on November 19, 2015 stating that after a **Grazier** hearing, it concluded Appellant knowingly and voluntarily wished to proceed *pro se*. PCRA Court Order, 11/19/15, at 1. However, the certified record does not contain a transcript of this **Grazier** hearing. Furthermore, this finding by the PCRA court squarely contradicts Appellant's *pro se* November 13 and November 16, 2015 filings when he unequivocally stated he **did** want counsel appointed, and did not want a **Grazier** hearing. Appellant's Petition to Modify, 11/13/15, at 1; Appellant's Petition and Waiver, 11/16/15, at 1. Nevertheless, we do not view this as an impediment to our judgment here, since our order admittedly was limited to determining whether Appellant wished to have counsel solely on this appeal. As noted above, the parties agree Appellant never had counsel during any of the PCRA proceedings below, and he was legally entitled to representation.