J. S15029/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:   PENNSYLVANIA
:
v.   :
:
DANA EVERETT YOUNG   :
            APPELLANT   :
:
:   No. 1668 EDA 2016

Appeal from the PCRA Order May 10, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000560-1983
CP-39-CR-0000561-1983
CP-39-CR-0000614-1983

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                  **FILED APRIL 13, 2017**

Appellant, Dana Everett Young, appeals *pro se* from the May 10, 2016

Order entered in the Court of Common Pleas of Lehigh County dismissing his

Petition for *Habeas Corpus* Relief. We conclude Appellant's *habeas* Petition

is actually an untimely eighth Petition filed pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we

affirm on the basis that Appellant's PCRA Petition is untimely and this Court,

thus, lacks jurisdiction to review the Petition.

In September 1983, a jury found Appellant guilty of several offenses

based on sexual assaults he committed within ten days of each other against

two women in the same town. On September 9, 1985, the trial court

sentenced Appellant to an aggregate term of 21 to 42 years' incarceration.

Appellant timely appealed to this Court, which remanded for an evidentiary hearing on the issue of ineffective assistance of counsel.[1] The trial court denied relief on December 1, 1985, and Appellant did not file a direct appeal. Thus, Appellant's Judgment of Sentence became final on December 31, 1985. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P 903(a).

Between 1995 and 2008, Appellant filed seven PCRA Petitions and the PCRA court dismissed all of them. On March 11, 2014, Appellant filed a *pro se* Petition for *Habeas Corpus* Relief, which the lower court dismissed as an untimely PCRA Petition. Upon appellate review, this Court concluded that the lower court erroneously treated the Petition as a PCRA Petition, but affirmed the lower court's dismissal of the Petition on alternate grounds. ***Commonwealth v. Young****,* No. 2426 EDA 2014 (Pa. Super. filed July 7, 2015) (unpublished memorandum).

On February 8, 2016, Appellant filed the instant *pro se* Petition for *Habeas Corpus* Relief, which the trial court treated as Appellant's eighth PCRA Petition. On April 12, 2016, the PCRA court issued notice of its intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded *pro se* on April 26, 2016. On May 10, 2016, the PCRA court dismissed Appellant's Petition as untimely.

---

[1] At the time, ineffective assistance of counsel claims could be raised on direct appeal, because the issue arose several years prior to ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002), which requires that ineffectiveness claims be raised in a PCRA petition.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1. Whether the trial court abused its discretion in dismissing Appellant's Petition for Writ of Habeas Corpus Ad Subjiciendum where the verdict announced by the [c]ourt of guilty on the kidnapping offense was in error in that the court did not have jurisdiction of the matter, where the Criminal Information filed in this action were [*sic*] fatally defective since if [*sic*] failed to recite all of the essential elements of the offense and failed to inform Appellant of the precise charge he was required to defend against at trial?

2. Whether Appellant is illegally confined based on the verdict and sentence being vitiated and non-existent as a result of the fatally defective Criminal Information and eliminates all questions of waiver, timeliness and due diligence as bars to the relief sought?

Appellant's Brief at 3.

As an initial matter, we find that the PCRA court properly reviewed Appellant's Petition for *Habeas Corpus* Relief pursuant to the PCRA. This Court has "repeatedly held that the PCRA provides the sole means for obtaining collateral review and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Kubis***, 808 A.2d 196, 199 (Pa. Super. 2002). Specifically, the PCRA provides:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when

> this subchapter takes effect, including *habeas corpus* and *coram nobis*.

42 Pa.C.S. § 9542. Moreover, our Supreme Court has stated, "both the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim." ***Commonwealth v. Hackett***, 956 A.2d 978, 985 (Pa. 2008)

In the instant case, Appellant challenges the trial court's jurisdiction and the legality of Appellant's sentence alleging that Appellant's criminal Bill of Information was defective. These claims are cognizable under the PCRA and are, therefore, properly raised in a PCRA Petition. ***See*** 42 Pa.C.S. § 9543(a)(2)(vii) and (viii); ***see also Commonwealth v. Stout***, 978 A.2d 984, 987 (Pa. Super. 2009) (claim that court lacked jurisdiction is cognizable under the PCRA); ***Commonwealth v. Jackon***, 30 A.3d 516, 521 (Pa. Super. 2011) (legality of sentence is a cognizable issue under the PCRA). This Court has clearly stated that an application for a writ of *habeas corpus* cannot be used as a "tactical choice to evade the timeliness requirements of the PCRA." ***Stout, supra*** at 988. Accordingly, the PCRA court properly reviewed Appellant's filing under the PCRA and we will refer to it as a PCRA petition hereafter.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa.

2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Any second or subsequent petition, such as the instant PCRA Petition, filed after the effective date of the 1995 amendments to the PCRA "is governed by the PCRA as thus amended." **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999).

Here, Appellant's Judgment of Sentence became final on December 31, 1985, when the thirty-day period for seeking appellate review expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant filed this eighth PCRA Petition on February 5, 2016, more than thirty years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, dated 7/27/16, at 1-2.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), including: (1) the failure to raise the claim previously was the result of interference by government officials, (2) the claim is based on facts that were not previously known the petitioner and could not have been ascertained by the exercise of due diligence, or (3) the petition asserts a "constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1). Appellant failed to plead any of these exceptions.

The PCRA court properly found Appellant's Petition to be facially untimely under the PCRA. Both the PCRA court and this Court lack jurisdiction to entertain Appellant's Petition. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017