J-S06023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARK YOUNG | : | |
| | : | |
| Appellant | : | No. 1016 EDA 2017 |
| | : | |

Appeal from the PCRA Order March 9, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1118461-1974

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 16, 2018**

Mark Young appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing his "Petition for Writ of *Habeas Corpus*" as an untimely petition pursuant to the Post Conviction Relief Act[1] ("PCRA"). We affirm.

A previous pannel of this Court set forth the relevant facts and procedural history as follows:

> On October 6, 1975, [Young] was convicted of Second Degree Murder, Robbery and Criminal Conspiracy and received a life sentence following a jury trial presided over by the Honorable John Geisz. On August 12, 1976, [Young] was sentenced to life imprisonment. These convictions and life sentence were supported by evidence showing that [Young] and co-defendant, Charles Sheppard, robbed the Place Bar in Philadelphia County on September 7, 1974. While in process of robbing the Place Bar, Mr.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Sheppard shot and killed a patron of the bar, Walter Palmero. At trial, the Commonwealth presented [Young's] confession and the corroborating testimony of a witness — the barmaid who was working at the Place Bar on the night of the robbery. This evidence established that [Young] jumped over the bar and forced the barmaid to open the cash register. After taking money from the register, [Young] grabbed a bottle of liquor and fled the scene.

* * *

The Pennsylvania Supreme Court affirmed [Young's] conviction on March 16, 1979[,] and reargument was denied on April 16, 1979.

On November 30, 1992, [Young] filed a Petition for Post Conviction Relief. On April 10, 1997, the Honorable Genece Brinkley dismissed [Young's] Petition without a hearing. [Young] appealed and the Pennsylvania Superior Court affirmed the dismissal on June 30, 1998. The Pennsylvania Supreme Court denied [Young's] Petition for Allowance of Appeal on June 23, 1999. On June 23, 2000, [Young] then filed a Petition for Writ of *Habeas Corpus* in federal court. On March 1, 2001, the United States Court of Appeals for the Third Circuit denied [Young's] application to file a subsequent petition. On July 23, 2001, [Young] filed a [second] *pro se* Petition for Post Conviction Relief. [Young's] counsel then filed an amended petition on April 1, 2002.

On December 20, 2002, [Young] was sent notice of [the PCRA court's] intent to dismiss his [second Amended] Petition for Post-Conviction Relief because it was untimely. [Young] failed to respond, and [the PCRA court] dismissed [Young's] [s]econd Amended PCRA Petition on January 23, 2003.]

. . .

[Young] filed his [t]hird PCRA Petition on June 24, 2008[,] wherein he requested a new trial based on the discovery of new evidence in the form of a witness, Shantee Neals Williams. [Young] attached what he purported to be an affidavit signed by Ms. Williams wherein she attested to the fact that she was in the Place Bar on September 7, 1974[,] when she witnessed a robbery and murder. She swears that the man she saw jump over the bar and force the barmaid to take money from the cash register was someone she knew who went by the name Turtle. [Young] also offered an affidavit wherein he averred that he knew nothing of Ms. Williams until May 29, 2008[,] when he was contacted by an investigative reporter named Daniel Hicks. He averred that he was

also contacted by an investigative reporter named Helen Bodley on June 20, 2008. He averred that he filed his [t]hird PCRA Petition within 60 days of learning about Ms. Williams on June 24, 2008.

[The PCRA court] reviewed [Young's] *pro se* [p]etition, and appointed counsel who filed an amended petition on December 8, 2009. However, around or about the time this amended petition was filed, [Young] filed a motion to proceed *pro se*. On January 28, 2010, [the PCRA court] held a Grazier[2] Hearing to resolve [Young's] motion to proceed *pro se* and[,] at the conclusion of this Grazier Hearing[,] [Young] was permitted to proceed *pro se* with stand-by counsel. [The PCRA court] then granted [Young's] request to file an amended PCRA petition and scheduled a status listing for March 25, 2010.

**At the March 25, 2010 status listing, [the PCRA court] addressed the fact that the trial transcripts were not in the quarter session[s] file. It raised this issue *sua sponte* because it wanted to obtain copies to aid in the review of [Young's] [t]hird PCRA Petition. The Assistant District Attorney who appeared on behalf of the Commonwealth represented that her file was incomplete, and that the trial transcripts had been missing for many years. She offered a nonprecedential memorandum decision, *Commonwealth v. Young*, 468 EDA 2003 (May 27, 2004), to ilustrate that any issue related to the missing trial transcripts had been previously addressed by the Superior Court.**

**Having determined that any issue related to the missing trial transcripts had been previously litigated, [the PCRA court] addressed the substance of [Young's] [t]hird PCRA Petition.** As a courtesy to [Young], [the PCRA court] ordered the Commonwealth to produce documents contained in its file. [The PCRA court] hoped that any documents produced might aid [Young] in the preparation of his [t]hird Amended Petition, especially considering the unavailability of the trial transcripts. However, these discovery documents were not required to address the substance of [Young's] PCRA Petition. In reality, he simply raised one issue—after-discovered evidence in the form of an affidavit purportedly signed by Ms. Williams.

---

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998)

[Young] was schedule[d] to submit his [t]hird Amended Petition on June 24, 2010; however, he did not submit his [t]hird Amended Petition until August 5, 2010. In this Amended Petition, [Young] continued to pursue his claim of after discovered evidence based on the affidavit purportedly signed by Ms. Williams. [Young] also offered what he purported to be an affidavit signed by co-defendant, Charles Sheppard. In this affidavit, Mr. Sheppard averred that he was not with [Young] during the September 7, 1974, 2:00 a.m. robbery and murder at the Place Bar. On August 17, 2010, [the PCRA court] conducted a conference with [Young] and the Assistant District Attorney. The [PCRA court] reviewed the allegations in [Young's] [t]hird Amended PCRA Petition, and set a date for the Commonwealth's response.

On October 18, 2010, the Commonwealth filed a Motion to Dismiss [Young's] [t]hird Amended PCRA Petition. In its Motion to Dismiss, the Commonwealth argued that [Young's] [t]hird Amended PCRA Petition was untimely because it was filed (29) twenty-nine years after his Judgment of Sentence was entered. Under this theory, it argued that the affidavits allegedly signed by Shantee Neals Williams and co-defendant, Charles Sheppard, simply did not meet the definition of after-discovered evidence.

*Commonwealth v. Young*, No. 3274 EDA 2010, unpublished memorandum at 1-5 (Pa.Super. filed December 5, 2011) (citing PCRA court's 1925(a) Opinion, Jan. 18, 2011, pp. 1-4) (citations omitted) (emphasis added).

In regards to Young's third PCRA petition, the PCRA court ultimately concluded that the evidence presented was insufficient to meet the definition of "after discovered evidence" under the PCRA and therefore the court dismissed his petition as untimely. This Court affirmed and our Supreme Court denied his petition for allowance of appeal.

Young filed his instant petition in December 2014. The PCRA court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 and Young filed a response. Thereafter, the PCRA court once again concluded that his petition

was untimely, and dismissed it via an order and opinion issued on March 9, 2017. Young filed a timely Notice of Appeal and the PCRA court did not require him to comply with Pa.R.A.P. 1925(b).

Young raises multiple interrelated issues for our review:

1. The [PCRA] court abused its discretion when [the] court issued an order on the 9th of March, 2017 that dismissed the petition filed by [Young] as a state *habeas corpus* petition, 42 Pa.C.S.A. §§ 6501-6506. The [PCRA] court utilized the time limitations that apply to 42 Pa.C.S.A. § 9545 and then decided to dismiss the state *habeas corpus* petition as being untimely filed under § 9545 time rule limitations.

2. The [PCRA] court abused its discretion when it transferred the civil case action, February Term, 2016 No. 622 from the civil trial division of the common pleas court to the criminal division of the common pleas court, ordering that the civil matter be determined by the criminal division.

3. The [PCRA] court abused its discretion when it dismissed both the civil case No. 622 February Term, 2016 as untimely and the criminal case CP-51-CR-1118461-1974 as untimely. See the March 9th court order issued by Judge John M. Younge in the appendix section of this brief.

4. The PCRA court abused its discretion when it dismissed the petition which incorporated both the criminal and civil cases without conducting a fact finding evidentiary hearing or evaluating the merits of the issues and claims raised.

5. The lower court abused its discretion when it failed to view the issues and claims that supported **actual innocence of [Young]**.

Young's Brief at 3-4.

- 5 -

The crux of Young's issues lie in his contention that the trial court erred by considering his petition for *habeas corpus* as constituting the legal equivalent of a PCRA petition, subject to the PCRA's timeliness requirements. To this end, Young presents voluminous arguments regarding his claim of "actual innocence." He cites to evidence previously considered by this Court, including the affidavits of Shantee Neals Williams and co-defendant Charles Sheppard. He asserts that his claim of "actual innocence" is not cognizable under the PCRA and thus his petition must be construed as a *habeas corpus* petition. We decline to agree.

Our standard of review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa.Super. 2015). Further, it is well settled that "the PCRA provides the sole means of obtaining state collateral relief" for claims that are cognizable under the PCRA. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999); 42 Pa.C.S. § 9542.

If a claim is cognizable under the PCRA, the PCRA remains the sole means of obtaining collateral relief regardless of the manner in which a filing is titled. ***Commonwealth v. Hutchens***, 760 A.2d 50, 52 n.1 (Pa.Super. 2000). Moreover, this Court has specifically rejected any attempt to "evade the timeliness requirements of the PCRA" by framing a request for collateral relief as something other than a PCRA petition. ***Commonwealth v. Stout***,

978 A.2d 984, 988 (Pa. 2011) (citations omitted). "Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 a.3d 462, 466 (Pa.Super. 2013).

Further, our Supreme Court has rejected the argument that a claim of "actual innocence" is outside the ambit of the PCRA and therefore eligible for *habeas corpus* relief:

> Appellant posits his "'actual innocence' claim is not cognizable on the face of the PCRA," . . . and therefore *habeas* relief is available to him because there is no remedy under the PCRA. This argument is specious; although § 9543 does not use the term "actual innocence" in enumerating cognizable claims, the Act specifically states it is intended to "provide[ ] for an action by which persons convicted of crimes they did not commit . . . may obtain collateral relief." 42 Pa.C.S. § 9542. Further, "[t]he action established in this subchapter shall be the **sole** means of obtaining collateral relief and encompassing all other common law and statutory remedies for the same purpose. . ., **including habeas corpus** . . . ." Thus, appellant is not entitled to *habeas corpus* relief.

**Commonwealth v. Abu-Jamal**, 833 A.2d 719, 728 (Pa. 2003).

In this case, the trial court properly treated Young's *habeas corpus* petition as a PCRA petition subject to the PCRA's time bar. **See Stout**, 978 A.2d at 988; **Taylor**, 65 a.3d at 466. Young's argument that his claim of "actual innocence" is not cognizable under the PCRA has been rejected by this Court. **See Abu-Jamal**, 833 A.2d at 728. Therefore, Young's instant petition is subject to the timeliness requirements of the PCRA.

It is beyond cavil that in the absence of an applicable exception, a petitioner must file a PCRA petition, including a second or subsequent petition, within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). In this case, the Pennsylvania Supreme Court affirmed Young's judgment of sentence in March 1979 and re-argument was denied in April 1979. Thus, Young's instant petition, filed over 30 years later in 2014, is patently untimely.

To overcome the PCRA's timeliness requirement, Young was required to plead and prove one of the following exceptions: (1) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. **See** 42 Pa.C.S.A. §§ 9545(b)(1)(i)(iii). Here, Young does not plead, let alone prove, any exception to the PCRA's time bar. Therefore, the PCRA court properly dismissed Young's petition as untimely.

Young also argues that his "civil" claim regarding the absence of his trial transcripts was improperly dismissed in tandem with his instant PCRA petition. However, the PCRA court's order does not mention Young's claim regarding his transcripts and the only evidence Young presents regarding this claim is a May 9, 2016 order, entered in the Philadelphia Court of Common Pleas, Civil Trial Division, transferring the purported matter to the criminal division. Further, we note that the issue of Young's missing transcripts has been

previously addressed by the PCRA court, in connection with his third PCRA petition, and found to be of no moment to his underlying claims. ***Young***, ***supra***. Therefore, Young's argument regarding his trial transcripts lacks merit.

Accordingly, we affirm the PCRA court's order dismissing Young's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/18