J-S32001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC SCOTT HECK | : | |
| | : | |
| Appellant | : | No. 1455 MDA 2017 |

Appeal from the PCRA Order August 22, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004604-2009

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J.                **FILED SEPTEMBER 07, 2018**

Eric Scott Heck appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, denying as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Because the PCRA court failed to appoint counsel, we must vacate the PCRA order and remand for the appointment of counsel.

Briefly, the facts and procedural history of this case are as follows. Heck was convicted of criminal trespass and related offenses, and sentenced to 11½-23 months' incarceration. Heck twice violated the terms of his probation, and was resentenced both times. At the second resentencing, the trial court imposed a period of 4-8 years' incarceration. Heck did not file a direct appeal. Instead, he filed the untimely, *pro se* PCRA petition at issue here.

_____

* Retired Senior Judge assigned to the Superior Court.

In his petition, Heck argued the resentencing court lacked jurisdiction to modify his sentence after his notice of appeal to this Court was docketed. And he asserted the resentencing court erred by failing to issue him credit for time previously served. The PCRA court issued notice pursuant to Pa.R.Crim.P. 907, and ultimately dismissed Heck's petition without a hearing. In its memorandum opinion, the PCRA court stated Heck's petition was untimely, and he failed to plead or prove the applicability of one of the PCRA's three timeliness exceptions. The PCRA court also found that Heck's issues were meritless.

We review the ruling of the PCRA court to determine whether it is supported by the record and free of legal error. *See Commonwealth v Spotz*, 18 A.3d 244, 259 (Pa. 2011). We apply "a *de novo* standard of review to the PCRA court's legal conclusions." *Id*. (citation omitted).

Here, the PCRA court committed error by failing to appoint counsel. "The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." *Commonwealth v. Albrecht*, 720 A.2d 693, 699 (Pa. 1998) (citation omitted).

An indigent PCRA petitioner is entitled to the appointment of counsel on his first post-conviction attack of his conviction. *See Commonwealth v. Stout*, 978 A.2d 984, 988 (Pa. Super. 2009); Pa.R.Crim.P. 904(C). Heck is indigent; he is proceeding *in forma pauperis* on appeal. This entitlement to appointed counsel occurs even if the petition is untimely on its face. *See Commonwealth v. Smith*, 818 A.2d 494, 501 (Pa. 2003); *Stout*, 978 A.2d

at 988. Even in cases where an appellant does not argue his entitlement to PCRA counsel, or challenge the waiver of that right, this Court is nevertheless required to raise the issue *sua sponte*, and remand for the PCRA court to correct the error. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

The PCRA petition at issue is the first Heck has filed. Though he did not request the appointment of counsel at any stage in the PCRA proceedings, neither did he explicitly waive his right to counsel.[1] Despite the petition's untimeliness, Heck was entitled to the assistance of counsel in litigating it. Consequently, the PCRA court erred in failing to appoint counsel. Accordingly, we vacate the order dismissing Heck's petition, and remand for the appointment of counsel.

Order vacated. Case remanded for the appointment of PCRA counsel. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/07/2018

---

[1] If a petitioner seeks to waive his right to counsel, the PCRA court is required to make an on-the-record determination that the waiver is made knowingly, intelligently, and voluntarily. **See Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998).