J-S33025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM D. TURNER | : | |
| | : | |
| Appellant | : | No. 2639 EDA 2019 |

Appeal from the PCRA Order Entered August 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1007161-1980

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED JULY 31, 2020**

William D. Turner (Appellant) appeals *pro se* from the order denying his petition for writ of *habeas corpus*, which the trial court treated as an untimely serial petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A prior panel of this Court summarized:

> On February 20, 1981, a jury convicted Appellant of first-degree murder and possessing instruments of crime.[1] The court imposed a sentence of life imprisonment on March 18, 1982. On May 20, 1983, this Court affirmed the judgment of sentence. ***See Commonwealth v. Turner***, 460 A.2d 858 (Pa. Super. 1983) (unpublished memorandum). Our Supreme Court denied allowance of appeal on September 21, 1983 []. Appellant did not pursue further direct review.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502 and 907.

On December 19, 1983, Appellant filed a *pro se* petition for post-conviction relief under the Post Conviction Hearing Act, the PCRA's predecessor. The court appointed counsel, who filed an amended petition, and the court subsequently denied relief. On February 16, 2011, Appellant filed a motion to modify sentence, which the court treated as a serial PCRA petition. The court issued Pa.R.Crim.P. 907 notice on August 10, 2012; Appellant responded, and on September 13, 2012, the PCRA court dismissed Appellant's petition. Appellant timely filed a *pro se* notice of appeal on September 24, 2012.

***Commonwealth v. Turner***, 2758 EDA 2012, 1-2 (Pa. Super. Dec. 9, 2013) (footnotes added and omitted).

On December 9, 2013, this Court affirmed the PCRA court's order dismissing Appellant's PCRA petition as untimely. ***See id.*** at 3. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 28, 2014.

On November 7, 2014, Appellant filed the underlying *pro se* petition for writ of *habeas corpus*. Appellant filed two amendments to his petition on February 20, 2015 and April 1, 2016, respectively. On June 23, 2016, Appellant filed a motion to compel a *habeas corpus* hearing.

The PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure on July 19, 2019. Appellant did not file a response or an amended petition. On August 21, 2019, the PCRA court entered an order denying relief on the basis that it lacked jurisdiction to consider the merits of the petition because it was an untimely PCRA petition. ***See*** PCRA Court Order, 8/21/19; ***see also*** PCRA Court Opinion, 10/28/19, at 1-2. Appellant filed a timely *pro se* appeal to this

Court. Both Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents three issues for review:

I. WHETHER THE [PCRA] COURT ABUSE[D] ITS DISCRETION BY SUSPENDING A STATE HABEAS CORPUS WHEN ONE IS CHALLENGING THE LEGALITY OF THEIR CONFINEMENT ONCE THE ELEMENTS OF FIRST DEGREE MURDER WAS NOT SATISFIED WITH DUE PROCESS CONCERNS?

II. WHETHER THE [PCRA COURT] ABUSE[D] IT[S] DISCRETION IN [ITS] OPINION BY NOT ADDRESSING [APPELLANT'S] OBJECTIONS ON WHY HE SHOULD BE HEARD ON ERROR OF LAW AND PROCEDURE REQUIREMENTS ONCE HABEAS SET FOR FIVE YEARS UNTIL THE ADMINISTRATE JUDGE WAS WRITTEN TO RELATING TO NOT OFFERING A DEAL BEFORE TRIAL[,] ACTUAL INNOCENCE EVIDENCE NOT HEARD BY THE JURY, DISTRICT ATTORNEY'S KEY WITNESS PROBATION STATUS FOR BIAS AND MOTIVE NOT HEARD BY THE JURY OR ADDRESS THE RIGHT-TO-KNOW MATERIAL UNDER 42 PA. C.S § 9545(b), SINCE THE HABEAS WAS SUSPENDED?

III. DID THE [PCRA COURT] ABUSE ITS DISCRETION ONCE/BY APPLYING THE 42 PA. C.S.[]§ 9545(b) STANDARD EVEN [THOUGH] THERE WAS A CONSTRUCTIVE ERROR BEFORE THAT COURT ONCE TRIAL COUNSEL WENT IN TO IN CAMERA STATING HIS WITNESS TESTIMONY WAS FALSE ALTHOUGH OTHER COUNSELS WERE IN THE COURT ROOM BY THIS MOCKERY THE COMMONWEALTH'S CASE WASN'T PUT TO PROPER/MEANINGFUL ADVERSARIAL TEST, ALLOWING COMMONWEALTH TO VOUCH FOR ITS KEY WITNESS WITH FALSE INFORMATION, THEN ALLOWED THE COMMONWEALTH TO ASK [APPELLANT] ABOUT A NON-CONVICTION, ALSO TOLD TRIAL COUNSEL TO USE SUCH AGAINST THE D.A.['s] WITNESS AND INSTRUCTION ON DEADLY WEAPON ON VITAL PART OF THE BODY WENT UNCHECK[ED]?

Appellant's Brief at 3.

Prior to addressing Appellant's issues, we must determine whether we have jurisdiction. Appellant identified his filing as a petition for writ of *habeas corpus* and the trial court construed the petition as a serial PCRA petition. Our Supreme Court has held that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, **to the extent a remedy is available under such enactment**." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007) (emphasis in original). From the best we can discern, it appears Appellant is challenging his first-degree murder conviction. ***See*** Appellant's Petition for Writ of *Habeas Corpus*, 11/7/14, at 2-3 (arguing the "intentional killing" element of his first-degree murder conviction was never satisfied); ***see also*** Appellant's Concise Statement, 10/10/19, at 1 ("[Appellant] is challenging the elements of first degree murder was [sic] not satisfied."). Our Supreme Court has held that a claim attacking a petitioner's underlying conviction falls within the ambit of the PCRA. ***See Commonwealth v. Hackett***, 956 A.2d 978, 986 (Pa. 2008); ***see also Commonwealth v. Stout***, 978 A.2d 984, 988 (Pa. Super. 2009) (applying for a writ of *habeas corpus* as a tactical choice to evade the timeliness requirements of the PCRA is not permitted). Consequently, the trial court was correct in construing Appellant's *habeas* petition as a serial PCRA petition. We therefore consider the petition's timeliness.

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of

the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented."[2] 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."

---

[2] Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), effective December 2018, and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. Previously, a petitioner had 60 days from when the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. Section 3 of Act 2018 provides that the amendment to subsection (b)(2) "shall apply only to claims arising one year before the effective date . . . or thereafter." *Id.* As Appellant's petition was filed on November 7, 2014, the change does not impact Appellant or our analysis.

***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

In this case, the trial court sentenced Appellant on March 18, 1982. This Court affirmed his judgment of sentence on May 20, 1983, and our Supreme Court denied his petition for allowance of appeal on September 21, 1983. Because Appellant did not file a petition for *certiorari* with the United States Supreme Court, his judgment of sentence became final on November 21, 1983, 60 days[3] after our Supreme Court denied his petition for allowance of appeal. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). As explained above, Appellant had one year – until November 21, 1984 – to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the underlying petition on November 7, 2014, almost 30 years later. Accordingly, the petition is patently untimely, and we lack jurisdiction to decide the merits unless Appellant has pled and proved one of the three timeliness exceptions

---

[3] ***See*** U.S.Sup.Ct.R. 20 (effective June 30, 1980; amended August 1, 1984 at U.S.Sup.Ct.R. 20.1) (allowing 60 days to file petition for writ of *certiorari*). United States Supreme Court Rule 13 is the current rule, which allows 90 days to file a petition for writ of *certiorari*. ***See*** U.S.Sup.Ct.R. 13. Sixty days from September 21, 1983 was Sunday, November 20, 1983. Therefore, the time period for Appellant seeking review by the United States Supreme Court expired on Monday, November 21, 1983. ***See*** U.S.Sup.Ct.R. 30.

of section 9545(b)(1). *See Derrickson*, 923 A.2d at 468. Our review reveals that Appellant did not attempt to plead or prove any of the timeliness exceptions. *See* Appellant's Petition for Writ of *Habeas Corpus*, 11/7/14; *see also* Trial Court Opinion, 10/28/19, at 4 ("[Appellant] does not plead an exception to the timeliness requirement, nor does a liberal reading of [Appellant's] claims make out an exception to the timeliness requirement."). As Appellant has failed to plead and prove an exception under section 9545(b)(1), we lack jurisdiction to address the merits of this appeal. *See Derrickson*, 923 A.2d at 468.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/31/20