J-A29011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
    :           PENNSYLVANIA
    :
      v.        :
    :
    :
    :
JEHMAR GLADDEN     :
    :
     Appellant    :   No. 3747 EDA 2016

Appeal from the PCRA Order November 3, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1010312-1997

BEFORE:   LAZARUS, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:        **FILED JANUARY 16, 2018**

Jehmar Gladden appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

The relevant procedural and factual history of this case was set forth by the PCRA court as follows:

> On August 6, 1996, during an armed robbery, one of [] Gladden's [] co-conspirators fatally shot one of the victims in the back.  On May 24, 1999, following a jury trial presided over by the Honorable James A. Lineberger, [Gladden] was convicted of second-degree murder, robbery, and criminal conspiracy.  The trial court immediately imposed a sentence of life imprisonment for the murder conviction and concurrent terms of incarceration for the remaining offenses.  Following a direct appeal, [Gladden's] judgment of sentence was affirmed by the Superior Court on November 6, 2000.  [Gladden] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

---

\*   Retired Senior Judge assigned to the Superior Court.

On September 19, 2003, [Gladden] filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed a **Turner**/**Finley**[1] no merit letter. The PCRA court dismissed the petition on April 15, 2004. [Gladden] did not file an appeal.

[Gladden] filed a second PCRA petition on August 12, 2012. The PCRA court dismissed his petition as untimely on October 15, 2014. The Superior Court affirmed the PCRA court's dismissal order on September 28, 2015. [Gladden] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On March 15, 2016, [Gladden] filed the instant *pro se* PCRA petition, his third. Pursuant to [Pa.R.Crim.P.] 907, [Gladden] was served notice of the PCRA court's intention to dismiss his petition on August 25, 2016. [Gladden] submitted a response to the Rule 907 notice on September 12, 2016. On November 3, 2016, the PCRA court dismissed his petition as untimely. On November 23, 2016, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, 2/7/17, at 1-2. Gladden did not receive a Pa.R.A.P 1925(b) order from the PCRA court; however, the PCRA court has complied with Pa.R.A.P. 1925(a) to the extent that it explained its reasoning for dismissing Gladden's petition as untimely. On appeal, Gladden raises the following issues for our review:

1. Did the [PCRA] court err in failing to appoint counsel in accordance with Pa.R.Crim.P.904(d) to aid appellant in pleading [an] exception to [section 9545(b)] [through] [section 9545(b)(1)(ii)] before dismissing [Gladden's] petition as untimely without [an] evidentiary hearing?

2. Did the [PCRA] court err in dismissing [Gladden's] petition as untimely where [he] pled and established [an] exception to 42 Pa.C.S.A. § 9545(b) through 42 Pa.C.S.A. § 9545(b)(1)(ii)'s

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

- 2 -

newly-discovered evidence exception and the [PCRA] court[']s determination was in contradiction of established legal precedent?

Brief of Appellant, at 4.

Gladden first avers that the PCRA court erred when it failed to appoint counsel before dismissing his petition, without a hearing, as untimely. Gladden's claim is without avail.[2]

Generally, indigent PCRA petitioners are entitled to appointment of counsel for first post-conviction attack of their convictions. **Commonwealth v. Stout**, 978 A.2d 984 (Pa. Super. 2009). However, under Pa.R.Crim.P. 904(d) a petitioner, when filing a second or subsequent PCRA petition, must satisfy the PCRA judge that he is unable to afford or otherwise procure counsel, and that an evidentiary hearing is required as provided in Pa.R.Crim.P. 908; only then will the judge appoint counsel to represent the petitioner. Pa.R.Crim.P. 904. **See Commonwealth v. Kubis**, 808 A.2d 196, 200 (Pa. Super. 2002) (rule-based right to counsel for subsequent PCRA petitions does not exist). However, "there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing

---

[2] The PCRA court did not address this issue in its 1925(a) opinion. On December 28, 2016, Gladden, in a *pro se* correspondence to the Honorable Leon W. Tucker, claimed that he had not received a Pa.R.A.P. 1925(b) order from the PCRA court. Gladden never received the order, and on February 7, 2017, the PCRA court issued its 1925(a) opinion in which it addressed only Gladden's timeliness issue. Due to this apparent breakdown in the system, the PCRA court, which did not receive a 1925(b) statement, did not address Gladden's first issue. Therefore, we now address it on appeal.

is not necessary." **Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008), quoting **Commonwealth v. Jones**, 942 A.2d 903 (Pa. Super. 2008).

Here, the PCRA court determined that Gladden failed to establish an evidentiary hearing was necessary to discern the timeliness of his petition. Moreover, Gladden is not entitled to an evidentiary hearing on his petition as a matter of right. Therefore, we discern no error by the PCRA court in failing to appoint counsel and/or hold an evidentiary hearing on Gladden's petition.

Next, Gladden claims the PCRA court erred in determining his petition was untimely. It is well established that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of the courts, we are required to determine first the timeliness of a petition before we consider the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court explained:

> The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See, e.g., Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to

- 4 -

reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e Court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-76 (Pa. 2003).

Generally, if a PCRA petition is not filed within one year of the date the judgment of sentence becomes final, the petitioner must plead and prove one of the exceptions enumerated in subsections 9545(b)(1)(i)-(iii), which provides as follows:

**(b) Time for filing petition.–**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petitioner alleged and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9543(b)(3). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

This Court affirmed Gladden's judgment of sentence on November 6, 2000; Gladden did not file a petition for allowance of appeal with our Supreme Court. Therefore, his judgment of sentence became final on December 6, 2000. Gladden filed the instant *pro se* PCRA petition approximately 16 years after his judgment of sentence became final; thus, his *pro se* petition is facially untimely. Therefore, the PCRA court was without jurisdiction to consider Gladden's *pro se* petition unless he meets one of the section 9545(b) exceptions.

The trial court's cogent analysis of Gladden's timeliness argument properly disposes of Gladden's argument that his petition meets the newly-discovered evidence exception:

> In [an] attempt to overcome the PCRA's time-bar, [Gladden] argued that his petition fell within the [newly discovered evidence] exception, § 9545(b)(1)(ii). Specifically, [Gladden] submitted two letters from Marcia Whitlock, a purported witness who claimed she was present near the scene of the crime. According to Whitlock, [Gladden] neither arrived nor left the victim's residence with two other "brown-skinned" individuals identified as his co-conspirators. [Gladden] argued that Whitlock's observations contradict Commonwealth witness Lena Law's trial testimony thereby establishing his innocence.
>
> The timeliness exception set forth in [section] 9545(b)(1)(ii) requires petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence

- 6 -

demands that petitioner take reasonable steps to protect his own interest. **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001).

At the outset, [Gladden] failed to demonstrate that the facts contained in Whitlock's letters were previously unknown. [Gladden] forthrightly admitted that Whitlock's letters are consistent with [his] own testimony in a 2009 court proceeding. Furthermore, during the same 2009 evidentiary hearing, witness Kizzi Baker testified regarding all three males' arrival to, and departure from, the victim's residence shortly before and after the shooting respectively. Thus, [Gladden] who was admittedly one of the individual present during the murder, has been aware since 2009 that an independent witness apparently observed his arrival and departure – the same observations detailed by Whitlock.

Even if the "facts" detailed in Whitlock's letters were unknown, [Gladden] failed to demonstrate that Whitlock's observation of him and his co-conspirators arrive and leave [separately] could not have been diligently ascertained prior to her letters. [**Carr**, **supra**.]

PCRA Court Opinion, 2/7/14, at 4-6 (citations to record omitted).

After review of Gladden's *pro se* argument, the record and the PCRA court's opinion, we conclude that Gladden did not establish his right to relief under section 9545(b)(1)(ii). Accordingly, as we discern no error of law in the PCRA court's dismissal of Gladden's third PCRA petition on timeliness grounds, we affirm. **Commonwealth v. Walls**, 993 A.2d 289, 294-95 (Pa. Super. 2010).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/16/18</u>