J-S37036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :                  PENNSYLVANIA
                                            :

            v.                           :

VERNON PATILLO                      :
                                            :

            Appellant            :      No. 894 EDA 2017

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0901081-2005,
CP-51-CR-0901091-2005

BEFORE: OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:         **FILED AUGUST 03, 2018**

Appellant, Vernon Patillo, appeals from the order entered on February 10, 2017, in the Court of Common Pleas of Philadelphia County, which purported to deny his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After a careful review, we vacate and remand.

The relevant facts and procedural history have been set forth, in part, by this Court on direct appeal as follows:

> At approximately 9:00 p.m., on March 23, 2005, [Appellant] and two other men entered the Friendly's Restaurant on 2811 Cottman Avenue in Philadelphia wearing masks and carrying guns. A fourth man served as a lookout. The men ordered customers and employees to give up their money and valuables. Guilty Plea Volume N.T., 6/12/07, at 15. [Appellant] led the restaurant manager, Rick Tyrrell ("Tyrrell"), into the back, had him open the safe, and took out approximately $600. Meanwhile, in the front of the restaurant, [Appellant's] two accomplices collected the

_____
* Former Justice specially assigned to the Superior Court.

valuables of three customers, Colleen Morrison ("Morrison"), Jeffrey Barclay ("Barclay"), and Joseph Bull ("Bull"). *Id.* at 16. All four men then fled and spread out in the surrounding neighborhood, but were soon apprehended within two blocks of the restaurant. Once in custody, [Appellant] signed a written statement confessing his involvement in the restaurant robbery.

Through appointed counsel, [Appellant] filed a pre-trial motion to suppress his confession. After an evidentiary hearing, the trial court denied [Appellant's] motion. He then proceeded to plead guilty to four counts of robbery, one firearms charge, and one count of conspiracy. *Id.* at 15-19. On June 12, 2007, the trial court sentenced [Appellant] to an aggregate term of fifteen to thirty years incarceration: three consecutive terms of five to ten years for three counts of robbery; a concurrent term of five to ten years for the fourth robbery count; and a concurrent term of five to ten years for conspiracy. [The trial court imposed no further sentence for the firearms charge.] [Appellant] filed a motion for reconsideration of sentence, which was denied on June 25, 2007. [He then filed a timely direct appeal.]

*Commonwealth v. Patillo*, Nos. 1664 EDA 2007, 2032 EDA 2007 (Pa.Super.

filed 6/25/08) (unpublished memorandum) (footnote omitted).

On appeal, Appellant contended the trial court erred in denying the

motion to suppress his confession. This Court concluded that "[Appellant]

waived this general suppression argument by pleading guilty[,]" and, in any

event, he did not "claim a nexus between his allegedly coerced confession and

his decision to plead guilty[.]" *Id.* at 4. Appellant also contended his sentence

was illegal in that, although he pled guilty to one count of robbery, the trial

court sentenced him on four counts of robbery. This Court rejected the claim

on the basis "the record reflects that during the guilty plea colloquy,

[Appellant] pled guilty to four separate charges of robbery as they were read

to him by a court officer." *Id.* at 5 (citation to record omitted). Accordingly,

this Court affirmed Appellant's judgment of sentence on June 25, 2008. Appellant did not seek review in our Supreme Court.

On or about February 12, 2014, Appellant filed a *pro se* document entitled "Motion for Modification of Sentence Nunc Pro Tunc." Therein, Appellant averred he had newly discovered evidence as it pertains to the merger rule, and he challenged the legality of his sentence. Without appointing counsel, the lower court summarily denied Appellant's *pro se* motion on April 7, 2014.[1]

Thereafter, on or about August 22, 2014, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed Scott Gessner, Esquire, to represent Appellant. On September 14, 2016, Attorney Gessner filed a motion seeking to withdraw his representation, as well as a **Turner/Finley**[2] "no-merit" letter, and on October 26, 2016, the PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed no response, and accordingly, on February 10, 2017, the PCRA court dismissed Appellant's PCRA petition and permitted Attorney Gessner to withdraw. Appellant filed a timely, *pro se* appeal.

---

[1] We note this order was not docketed in full compliance with Pa.R.Crim.P. 114(C) as it pertains to service.

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*.)

Initially, we note that we do not reach the issue of whether the PCRA court properly denied Appellant's August 22, 2014, PCRA petition as we conclude the lower court erred in failing to recognize Appellant's February 12, 2014, *pro se* "Motion for Modification of Sentence Nunc Pro Tunc" constituted Appellant's first PCRA petition.[3]

Under established Pennsylvania precedent, "the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) (citations omitted). Accordingly, any petition for post-conviction collateral relief will generally be considered under the auspices of the PCRA, notwithstanding the title given to the petition, if the petition raises issues cognizable under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542.

A claim is cognizable under the PCRA if it challenges the petitioner's conviction, sentence, or the effectiveness of counsel during the plea process, trial, appeal, or PCRA review. 42 Pa.C.S.A. § 9543. In the case *sub judice*, in his "Motion for Modification of Sentence Nunc Pro Tunc," Appellant attacked the legality of his sentence, which is cognizable under the PCRA. **See Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011). Accordingly, the PCRA was the sole avenue for Appellant to gain relief, and therefore, the

---

[3] "Because the instant appeal hinges upon a question of law, our standard of review is plenary." **Commonwealth v. Smith**, 572 Pa. 572, 818 A.2d 494, 498 (2003).

lower court erred in failing to treat the February 12, 2014, *pro se* "Motion for Modification of Sentence Nunc Pro Tunc" as Appellant's first PCRA petition.

Our conclusion is significant because, as our Supreme Court has recognized:

> Rule 904 provides, in relevant part, that 'when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.' Pa.R.Crim.P. 904(B). . . .We have stated that the rules of criminal procedure require the appointment of counsel in [first] PCRA proceedings.

**Smith**, 572 Pa. at 581, 818 A.2d at 498 (citations omitted). Further, our Supreme Court has recognized that this rule-based right to counsel persists throughout the PCRA proceedings, even if the petition is facially untimely[4] or the petition does not present a colorable claim. **See id.**

Here, the record reveals Appellant was indigent at the time he filed the February 12, 2014, *pro se* petition; however, the record further reveals the PCRA court did not appoint counsel to assist Appellant in the litigation of the

---

[4] The PCRA provides that a PCRA petition shall be filed within one year of the date the underlying judgment becomes final, which occurs "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). **See** 42 Pa.C.S.A. § 9545(b)(1). Here, Appellant's judgment of sentence became final on or about July 25, 2008, when the time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court expired. **See** Pa.R.A.P. 1113. Thus, Appellant had until approximately July 25, 2009, to file a timely PCRA petition. Appellant filed his *pro se* motion on or about February 12, 2014, and therefore, it is facially untimely.

petition. This breakdown in the PCRA court's system denied Appellant his right to counsel for his first PCRA petition under Pa.R.Crim.P. 904(B), and there is no indication Appellant waived his right to counsel.[5]

Therefore, we are constrained to vacate the lower court's order denying what was in fact Appellant's second PCRA petition and remand for the appointment of counsel dating back to the February 12, 2014, motion (i.e., what was in fact Appellant's first PCRA petition). **See Commonwealth v. Stout**, 978 A.2d 984, 988 (Pa.Super. 2009) (vacating order denying the appellant's improperly titled petition for writ of *habeas corpus* and remanding for the appointment of PCRA counsel).

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge McLaughlin notes dissent.

_____

[5] We are compelled to raise the issue of Appellant's representation *sua sponte*. **See Commonwealth v. Albrecht**, 554 Pa. 31, 720 A.2d 693, 699 (1998) (citation omitted) (stating that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel") (citation omitted); **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa.Super. 2011) (holding "that where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/18